IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 15 2007

CLERK, U.S. DISTRICT COURT
By _____
         Deputy

| | |
|---|---|
| STEVIE ANDRE ROBERSON, PRO SE, § | |
| TDCJ-CID No. 1222812, § | |
| Previous TDCJ-CID No. 490472, § | |
| Previous TDCJ-CID No. 632442, § | |
| Previous TDCJ-CID No. 343368, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:05-CV-0286 |
| § | |
| DHIRAJULAL PATEL, Dr., § | |
| F. BAXTER, Medical Administrator, § | |
| DENISE DeSHIELDS, Medical Director, § | |
| TIMOTHY SIMMONS, Warden, and § | |
| KAREN JONES, Correctional Officer, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND SECOND ORDER DISMISSING
## DEFENDANTS BAXTER, DeSHIELDS, SIMMONS, AND JONES

In light of *Jones v. Bock*[1], ___ U.S. ___, 127 S.Ct. 910, ___ L.Ed.2d ___ (2007), the April 20, 2006 Order Dismissing defendants BAXTER DeSHIELDS, SIMMONS and JONES has been vacated.

Plaintiff STEVIE ANDRE ROBERSON, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Institutional Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff claims defendant Dr. PATEL has not treated his knees or responded to his

---

[1] In *Jones v. Bock*, the Supreme Court held "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."

complaints of knee pain and a need for knee supports, and has not referred plaintiff to a knee specialist or a podiatrist. Plaintiff also claims defendant Dr. PATEL did not treat plaintiff's broken toe and that now his toe doesn't bend and is deformed. Further, plaintiff claims defendant Dr. PATEL has not given plaintiff a physical examination for his complaint of foot and knee pain and difficulty walking and took four months to respond to his complaints that he needed wider shoes.

Plaintiff complains that, after four months, when defendant Dr. PATEL prescribed plaintiff a medical pass for wide shoes, the officer at necessities, defendant JONES, denied him such shoes, incorrectly measuring his feet by drawing an outline of them while plaintiff was seated. Plaintiff claims he received no assistance from defendant BAXTER, Unit Medical Administrator, despite his I-60's requesting assistance in getting JONES to issue him wide shoes. Instead, BAXTER responded that "[s]ize [was] not a medical issue." Plaintiff complains defendant DeSHIELDS, Medical Director, did not satisfactorily resolve his complaints concerning his medical treatment by PATEL, despite two letters plaintiff and his mother wrote to DeSHIELDS in May of 2005. Plaintiff also claims defendant Warden SIMMONS denied his step one grievance concerning JONES' failure or refusal to provide plaintiff with shoes of the proper width. Plaintiff was finally re-measured for shoes, while standing, by an Officer Caywood and was issued a size 11 extra wide boot. Plaintiff says JONES' failure to provide him with the proper boots caused him to suffer 41 days of pain, discomfort, and difficulty walking.

Plaintiff requests an award of compensation for damages, pain and suffering, mental and emotional anguish, swelling, tenderness and sore feet/knees, $10,000.00 from defendant PATEL, $15,000.00 from defendant JONES, $5,000.00 from defendants SIMMONS, BAXTER and

DESHIELDS, and $5,000.00 in punitive damages, as well as unspecified injunctive relief.

## JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994).

Plaintiff complains defendant JONES did not issue him a pair of wide shoes upon being

---

[2]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[3]*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

shown his Inmate Medication Pass which stated, "Referred to necessities for wider shoes, per. MD." Instead, plaintiff says, defendant JONES looked at his feet and said it didn't look like he had flat feet and she'd tell medical. Later that day, plaintiff showed the pass to Captain Duvall, the laundry supervisor, who had JONES come measure plaintiff's feet; however, JONES measured by having plaintiff place his foot on the outline of a foot while seated in a chair. Plaintiff's contention is that, when he stands on his feet, they spread out because they are flat. Plaintiff says JONES then gave him a size 9 canvas shoe and, when plaintiff complained, she responded that it was too bad because she was getting off. Plaintiff's complaints and grievances did not resolve the problem until he complained again to Captain Duvall on September 9, 2005. He says Captain Duvall accompanied an Officer Caywood who measured plaintiff's foot as an 11EEE and issued him an 11 extra wide boot. Plaintiff complains JONES caused him to suffer 41 days of pain, discomfort, and difficulty walking because he had too narrow shoes.

The facts alleged by plaintiff do not support a claim that defendant JONES interfered with prescribed treatment, *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976), or refused to act despite knowledge of a substantial risk of serious harm to inmate health or safety, *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994). Instead, plaintiff's allegations might support, at most, an allegation of negligence by defendant JONES; but section 1983 imposes liability for deprivation of constitutionally protected rights, not for violations of tort duties of care. *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990); *see, also, Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986). Plaintiff has failed to state a claim against defendant JONES on which relief can be granted.

Plaintiff sues defendants BAXTER, Unit Medical Administrator, and DeSHIELDS, Medical Director, for not satisfactorily resolving his complaints to them, but plaintiff alleges no fact personally known by either defendant indicating he was in substantial risk of serious harm or that these defendants inferred the existence of such a danger and refused to act despite this danger. Plaintiff has failed to state a claim against either defendant BAXTER or defendant DeSHIELDS.

Further, plaintiff sues defendant Warden SIMMONS for denying plaintiff's step one grievance concerning JONES' failure or refusal to provide plaintiff with shoes of the proper width. The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Therefore, plaintiff's claim against defendant SIMMONS lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), the Civil Rights Claims filed pursuant to Title 42, United States Code, section 1983, by plaintiff STEVIE ANDRE ROBERSON against defendants BAXTER, DeSHIELDS, SIMMONS, and JONES are DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first

class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

All pending motions are DENIED.

IT IS SO ORDERED.

ENTERED this 15th day of March, 2007.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE